### J. W. MATTHEWS v. HUDSON BROTHERS.

(Filed 11 October, 1922.)

**1. Negligence—Dangerous Machinery—Vendor and Purchaser—Implied Invitation.**

A purchaser of cotton seed who enters upon the premises of the owner of a cotton gin for that purpose in accordance with the owner's arrangement, is upon the premises at the implied invitation of the owner.

**2. Same—Questions for Jury.**

Evidence that the owner of a cotton gin had left the ends of bolts dangerously projecting at a place they had connected power-driven shafting, and about eighteen inches from the place where a purchaser has to select the seed he wants and take them away, is sufficient to take the case to the jury, and for the jury to pass upon the question of the want of ordinary care upon the issues of defendant's actionable negligence in the purchaser's action.

**3. Same—Instructions—Ordinary Care.**

Under the evidence of this case: *Held,* an instruction that makes the nearness of eighteen inches from the dangerous part of the shaft, if so found by the jury, negligence as a matter of law, and also leaves out the element of defendant's want of ordinary care on the issue of negligence, is reversible error.

APPEAL by defendant from *Lyon, J.,* at March Term, 1922, of SAMPSON.

The plaintiff sued to recover damages for personal injury. Verdict and judgment for the plaintiff.

*Butler & Herring and Langston, Allen & Taylor for the plaintiff. Grady & Graham for defendants.*

PER CURIAM. The defendants owned and operated several gins that were connected by shafting. The pieces of shafting were joined together by cuffs which were secured by set screws. Over the cuffs and between the set screws was a circular housing. . These screws projected from the shafting about two or two and a half inches, but not as far out as the rim of the housing. The distance from the gins to the side of the building in which they were operated was about eight feet. The seed were carried in a trough under the gins to a hopper outside the building; but if a customer wanted seed of a certain kind or for a particular purpose he diverted the seed to the floor by lifting a lid. There was evidence tending to show that customers were in the habit of going into the gin room and selecting seed and putting them in a sack with the assistance of the ginner, or any one else who was present, and that a person standing immediately in front of a gin would be about eighteen inches from the shafting, and in order to shovel seed would have to change his position and stand nearer the end of the gin. The plaintiff went to the gin with a load of cotton and was awaiting his "turn." Wincey Wells had hauled cotton for another, and while it was being ginned he went into the building to get some seed for planting. The plaintiff went in to buy some of the seed that Wells was getting, and was asked to assist Wells by throwing the seed in a sack, and after throwing in one pile he moved to another and was caught by the unprotected set screws and injured.

His Honor refused the defendant's motion for judgment of nonsuit, and exception was noted.

We think the motion was properly refused. The evidence, when considered in the light most favorable to the plaintiff, does not exclude the inference that the plaintiff entered the building under the defendants' implied invitation; and if so, the question of actionable negligence was determinable only by the jury.

However, the defendants, we think, are entitled to a new trial. His Honor instructed the jury as follows: "If you find from the evidence that the defendants had two set screws on its collar that connected the shafting between the gin, and that those set screws projected two or two and a half inches out from the collar that they were placed in, and one-half inch from the middle of the collar, and you find that the shafting was so near the place where the people had to stand and get their seed, and you find that the plaintiff was there by implied invitation to the public to go in there and get seed, or assist others in getting their seed, and you find that that set screw, placed where it was on this revolving shaft, was the proximate cause of the plaintiff's injury, it would be your duty to answer the first issue 'Yes,' but if you do not so find, you would answer it 'No.'"

There was evidence tending to show that a person standing in front of one of the gins would be eighteen inches from the shafting, and that there was no way for a person at this distance to get into the shafting except by falling on it. The instruction refers to the plaintiff as standing "so near" the shafting, and appears to be elliptical or incomplete. If his Honor intended to say that the circumstances recited in this instruction, if found by the jury to be true, would amount in contemplation of law to a want of ordinary care, we think the circumstances as stated are inadequate for this purpose. We cannot hold as a legal conclusion that a distance of eighteen inches from the shafting was so slight as necessarily to menace the plaintiff's injury from the unprotected screws. Whether his proximity was such as to hazard his safety was for the jury, under a definite instruction. On the other hand, if such was not his Honor's intention, the instruction is deficient in that it omits all reference to the defendants' exercise of reasonable care in protecting against damage those who came into their gin by implied invitation. *Gaither v. Clement,* 183 N. C., 456.

New trial.